UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CODY BENNETT,

Defendant.

_____/

Case: 2:21-cr-20687
Assigned To : Hood, Denise Page
Referral Judge: Grey, Jonathan J.C.
Assign. Date : 11/9/2021
Description: INDI USA V. SEALED
MATTER (KB)

VIOLATIONS:
26 U.S.C. § 5861(d)
18 U.S.C. § 922(g)(1)
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)(1)(A)

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
26 U.S.C. § 5861(d)
*Possession of an Unregistered Weapon Made from a Shotgun*

On or about August 11, 2021, in the Eastern District of Michigan, the defendant, CODY BENNETT, did knowingly possess a firearm, that is, a weapon made from a shotgun as defined in 26 U.S.C. § 5845(a)—specifically, a Remington, 20-gauge, pump-action shotgun, with an overall length of less than 26 inches and a barrel length less than 18 inches—which was not registered to the defendant in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d).

1

## COUNT TWO
18 U.S.C. § 922(g)(1)
*Felon in Possession of a Firearm*

On or about August 11, 2021, in the Eastern District of Michigan, the defendant, CODY BENNETT, having previously been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, and knowing that he had previously been convicted of a felony, did knowingly possess a firearm, namely a Remington, 20-gauge, pump-action shotgun, with an overall length of less than 26 inches and a barrel length less than 18 inches; a Mossberg, 12-gauge, bolt-action shotgun; an American Tactical, 5.56mm, semi-automatic rifle; an SKS 7.62 mm, semiautomatic rifle; a Germany Sports Guns, .22 LR caliber, semi-automatic rifle; a Hi-Point, 9mm Luger caliber; a Glock, .45 caliber, semi-automatic pistol; a Charter Arms, .44 special caliber revolver; a Springfield Armory, .40 caliber semi-automatic pistol; and a CZ, 9mm Luger caliber, semi-automatic pistol, said firearm having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THREE
18 U.S.C. § 922(g)(1)
*Felon in Possession of a Firearm*

On or about August 11, 2021, in the Eastern District of Michigan, the defendant, CODY BENNETT, having previously been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, and knowing

2

that he had previously been convicted of a felony, did knowingly possess a firearm, namely a Smith and Wesson, 9mm Luger caliber, semi-automatic pistol, said firearm having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOUR
21 U.S.C. § 841(a)(1)
*Possession with Intent to Distribute a Controlled Substance*

On or about August 11, 2021, in the Eastern District of Michigan, the defendant, CODY BENNETT, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE
18 U.S.C. § 924(c)(1)(A)
*Possession of a Firearm in Furtherance of a Drug Trafficking Crime*

On or about August 11, 2021, in the Eastern District of Michigan, the defendant, CODY BENNETT, did knowingly possess a firearm, namely a Smith and Wesson, 9mm Luger caliber, semi-automatic pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, specifically, possession with intent to distribute a controlled substance as alleged in

Count Four of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1)(A).

### FORFEITURE ALLEGATIONS
21 U.S.C. § 853, 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c)
*Criminal Forfeiture*

The allegations contained in counts one, two, three, and five of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). The allegations contained in count four of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853.

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), upon conviction of the offense in violation of 18 U.S.C. § 922(g)(1) set forth in counts one, two, three, and five of this Indictment, the defendant shall forfeit to the United States any firearms and ammunition involved in or used in the knowing commission of the offense.

Pursuant to 21 U.S.C. § 853(a), upon conviction of the offenses in violation of 21 U.S.C. § 841 set forth in count four of this Indictment, the defendant shall forfeit to the United States: (a) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s); and (b) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s).

**Money Judgment**: Such property includes, but is not limited to, a money judgment in an amount to be determined, representing the total value of all property subject to forfeiture as described herein.

**Substitute Assets**: If any of the property described above, as a result of any act or omission of the defendant(s):

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third party;
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to forfeit any property of such defendant up to the value of the forfeitable property described above.

*[Space left intentionally blank.]*

**THIS IS A TRUE BILL.**

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

SAIMA S. MOHSIN
Acting United States Attorney


*s/Benjamin C. Coats*
BENJAMIN C. COATS
Chief, Major Crimes Unit
Assistant United States Attorney


*s/Caitlin B. Casey*
CAITLIN B. CASEY
MYRA F. DIN
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-9769
Caitlin.Casey@usdoj.gov

Dated: November 9, 2021

6

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover | Case: 2:21-cr-20687<br>Assigned To : Hood, Denise Page<br>Referral Judge: Grey, Jonathan J.C.<br>Assign. Date : 11/9/2021<br>Description: INDI USA V. SEALED<br>MATTER (KB) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complet

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes  ☒ No | AUSA's Initials: CBC |

Case Title: USA v. CODY BENNETT

County where offense occurred : Wayne

Check One:   ☒ Felony      ☐ Misdemeanor      ☐ Petty

    ✓ Indictment/____ Information --- **no prior complaint.**
    ____ Indictment/____ Information --- based upon prior complaint [Case number:                    ]
    ____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

November 9, 2021
Date

Caitlin B. Casey
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9769
Fax:    (313) 226-2372
E-Mail address: caitlin.casey@usdoj.gov
Attorney Bar #: IL 6312495

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.